## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ANTHONY BERNARD JOYNER,       *

Petitioner                      *

v                               *      Civil Action No. JFM-14-2297

D. BERKEBILE, et al.,          *

Respondents                *
                            ***

### MEMORANDUM

Pending are the responses of the Maryland Department of Public Safety and Correctional Services (ECR No. 4) and United States Penitentiary (USP) Big Sandy Warden D. Berkebile (ECF No. 8) to the petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241. Respondents seek dismissal of the petition. Petitioner has replied.  ECF Nos. 5, 10 & 11.  The court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2014).[1]

### Allegations in Petition

Petitioner alleges that on February 2, 2011, the Takoma Park Maryland Police Department filed a detainer against him while he was housed at USP Big Sandy.  Petitioner maintains that he was unlawfully released from USP Big Sandy by Warden Berkebile to the custody of Montgomery County.  Petitioner claims that Berkebile failed to comply with the Interstate Agreement on Detainers Act (IAD)  and also failed to comply with a "valid extradition statute."  ECF No. 1.  Petitioner maintains that at the time of his transfer from USP Big Sandy to Montgomery County he had over 180 days left to serve on his federal sentence.  *Id.*  Petitioner indicates that his complaints during his state court trial and to the Warden at the Montgomery County Detention Center concerning his allegedly "illegal extradition" and request to return to

---

[1] Petitioner has also filed a motion to appoint counsel (ECF No. 6) which shall be denied.

federal prison were dismissed.[2] *Id*. As relief, Petitioner seeks his immediate transfer from state custody to federal custody. *Id.*

## Response to Show Cause

The Maryland Department of Public Safety and Correctional Services asserts that petitioner has failed to exhaust his state court remedies regarding his allegations that he is unlawfully confined in state custody, and the petition must be dismissed. ECF No. 4.

Berkebile requests dismissal of the petition on the basis that the Bureau of Prisons ("BOP") complied with the IAD regarding petitioner's transfer.  Additionally, Berkebile explains that petitioner has completed his federal sentence, thus mooting his claim, and petitioner is not otherwise entitled to the relief he requests. ECF No. 8.

Berkebile offers the following information in support of his motion to dismiss.  On October 15, 2010, petitioner was sentenced in the District of Columbia Superior Court to 24 months of incarceration for distribution of a controlled substance and a seven month consecutive term for "prisoner escape."  *Id*., Ex. A, p. 7-8.  The sentences were completed on April 20, 2012. *Id*., p. 9.

Petitioner was incarcerated at USP Big Sandy from January 26, 2011 to August 31, 2011. *Id*., Ex. B, p. 11.  USP Big Sandy received a request that a detainer be placed on petitioner from the Takoma Park Police Department on February 2, 2011. *Id*., Ex. C, p. 13.  Petitioner was notified of the detainer request on March 31, 2011, pursuant to the IAD, and acknowledged receipt of same. *Id*., Ex. D, p. 22. On April 11, 2011, petitioner requested a speedy trial/disposition of the detainer lodged against him. *Id*., Ex. E, p. 24; *see also* formal request for final disposition.  *Id*., Ex. G, p. 30.  Petitioner's request for disposition of the detainer contained

---

[2] To the extent the petition contains claims attacking the validity of petitioner's conviction in the Circuit Court for Montgomery County, petitioner is free to file a separate petition for habeas corpus relief pursuant to 28 U.S.C. §2254.

an explicit waiver of extradition as to any court proceedings or terms of imprisonment imposed that related to the detainer. *Id*., Ex D, p. 22 & Ex. G, p. 30.

On April 20, 2011, Berkebile sent a letter to the State's Attorney for Montgomery County, Maryland indicating petitioner requested disposition of the charges underlying the detainer. *Id*., Ex. F, p. 26. The letter further indicated the terms of the transfer, including that petitioner would remain under the primary jurisdiction of the BOP during his temporary transfer. Additionally, the State's Attorney was advised to return the forms requested under the IAD. *Id*.

On August 15, 2011, the State's Attorney for Montgomery County responded to the BOP's request. *Id*., Ex. H, p. 34.  On August 31, 2011, petitioner was transferred to state officials pursuant to the IAD. *Id*., Ex. I, p. 43.  His federal sentence continued to run while he was in state custody. His federal sentence was completed on April 20, 2012, while petitioner was in state custody. *Id*., Ex. A, p. 6. As petitioner satisfied the District of Columbia sentence he will not be returned to BOP custody upon completion of his state sentence. *Id*., Exs. A & I.

**Analysis**

The IAD is an agreement among 48 states, the District of Columbia, and the United States that "creates uniform procedures for lodging and executing a detainer." *Alabama v. Bozeman*, 533 U.S. 148 (2001).   The Agreement has several provisions. Article III requires a prisoner sent from the state or jurisdiction where he is incarcerated to a state or jurisdiction where he or she faces new charges (the receiving state) to be brought to trial within 180 days. IAD §2, Art. III(a).

The IAD provides for two different methods of request for a temporary change in custody.  A prisoner may request the change for purposes of addressing an untried indictment,

information, or complaint under Art. III in which case extradition is waived; or a prosecutor may initiate the request under Art. IV of the act.  *See Cuyler v. Adams*, 449 U.S. 443, 444 (1981). In the instant case, upon notification that the state detainer had been lodged against him, petitioner requested disposition of those charges, thus waiving extradition and initiating his return to Maryland to be tried on the state charges.

Additionally, the petition is subject to the exhaustion requirement of 28 U.S.C. § 2254(b), which applies to petitions filed pursuant to 28 U.S.C. §2241.  *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to §2241 petition challenging civil commitment).  Thus, before seeking federal habeas corpus relief, petitioner must exhaust each claim presented by pursuing remedies available in state court.  *See Rose v. Lundy*, 455 U. S. 509, 521 (1982).  Each claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles.  *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). There is no indication that petitioner has begun, much less exhausted his state court remedies regarding his state detention.

In his responses, petition again alleges that he was improperly released from federal custody to the state court detainer. His claim is not supported by the record. Petitioner was advised of the existence of the detainer and his rights under the IAD; requested disposition of the state court charges; and was advised that such a request for disposition constituted a waiver of extradition.  The BOP fully complied with the requirements of the IAD in transferring petitioner to the custody of Montgomery County, Maryland for disposition of his state charges. While in

state custody, petitioner became eligible for release from federal custody and was released therefrom in order to serve his state court sentence.  There is nothing in the record to suggest that petitioner's transfer between jurisdictions was improper.  Additionally, it is clear that petitioner has not instituted any state administrative or court challenge to his continued state detention.[3]  Thus, on the undisputed facts before this court, respondents are entitled to dismissal of the petition.

Upon dismissal of a petition for writ of habeas corpus, this court must determine if a certificate of appealability should issue.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U. S.C. § 2253(c)(2).  To meet this burden an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U. S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U. S. 880,

---

[3]     Exhaustion includes appellate review in the Maryland Court of Special Appeals and where appropriate, the Maryland Court of Appeals.  *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).  The state courts must be afforded the first opportunity to review federal constitutional challenges to state detention in order to preserve the role of the state courts in protecting federally guaranteed rights.  *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

Petitioner may challenge the calculation of his term of confinement by pursuing both administrative and judicial remedies.  He may file a grievance with the Inmate Grievance Office ("IGO").  *See generally* Md. Code Ann., Corr. Servs. ("CS") § 10-206(a). If the grievance is not found wholly lacking in merit on its face, it is referred to the Office of Administrative Hearings ("OAH") for a hearing before an administrative law judge. *Id*. at § 10-207(c). An order of the OAH finding that an inmate's complaint is lacking in merit constitutes the final decision of the Secretary of Public Safety and Correctional Services ("Secretary") for purposes of judicial review. *Id* at § 10-209(b). If the OAH finds that the grievance is meritorious, an order is forwarded to the Secretary. The Secretary may affirm, reverse, or modify the order of the OAH. *Id*. at § 10-209(c).

An appeal of the Secretary's decision lies with the "circuit court of the county in which the complainant is confined." *Id*. at § 10-210(b)(2). Petitioner may thereafter seek review in the Maryland Court of Special Appeals by application for leave to appeal, *Id*. at § 10-210(c)(2), and, if the Maryland Court of Special Appeals grants the application for leave to appeal but denies relief on the merits, he may then seek review in the Maryland Court of Appeals by petition for writ of *certiorari*. *See Williams v. State*, 438 A.2d 1301 (1981); Md. Code Ann., Cts. & Jud. Proc. § 12-202.

Furthermore, a prisoner who "alleges entitlement to immediate release and makes a colorable claim that he or she has served the entire sentence less any mandatory [diminution] credits" may seek relief directly from Maryland courts by petition for a writ of habeas corpus. *See Maryland House of Correction v. Fields*, 703 A.2d 167, 175 (1997). The inmate may appeal a circuit court's decision denying habeas corpus relief to the Maryland Court of Special Appeals, and may thereafter seek *certiorari* in the Maryland Court of Appeals. *See generally Stouffer v. Pearson*, 887 A.2d 623 (2005); *Stouffer v. Staton*, 833 A.2d 33 (2003); *Jones v. Filbert*, 843 A.2d 908 (2004).

893 (1983)).    Petitioner in the instant case has failed to meet this standard, therefore, a certificate of appealability  shall not issue.


 December 4, 2014                                    ____/s/_____
Date                                                J. Frederick Motz
                                                    United States District Judge